David A. Senior (SBN 108579)
dsenior@mcbreensenior.com
McBreen & Senior
1900 Avenue of the Stars
11th Floor
Los Angeles, California 90067
Telephone: (310) 552-5300
Facsimile:  (310) 552-1250

Bruce H. Little (*pro hac vice*)
blittle@lindquist.com
Christopher R. Sullivan (*pro hac vice*)
csullivan@lindquist.com
LINDQUIST & VENNUM PLLP
4200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone:   (612) 371-3211
Facsimile: (612) 371-3207

Attorneys for Defendant TSI INCORPORATED

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEKSANDR L. YUFA, | Case No    8:12-cv-01614-FMO (JCG) |
| Plaintiff, | |
| vs. | **PROTECTIVE ORDER** |
| TSI INCORPORATED and "Doe Defendants" 1 through 10, | |
| Defendants. | |

Upon motion of TSI Incorporated for an order pursuant to Fed. R. Civ. P. 26(c)

that trade secret or other confidential information be disclosed only in designated

ways:

**Error! Unknown document property name.**

## GOOD CAUSE STATEMENT

TSI Incorporated anticipates the production of confidential, proprietary, commercially sensitive, and/or trade secret materials during discovery or at hearings in this case.  Similarly, TSI Incorporated anticipates that this case will involve the production of certain confidential information regarding non-parties.  TSI Incorporated reasonably and with good cause believes that the entry of this Protective Order is necessary and proper to: 1) protect TSI Incorporated from undue competitive harm in the market place, and 2) prevent the harm that would result from the unnecessary public dissemination of confidential information relating to non-parties.  The specific categories of information to be protected, as well as the specific harm or prejudice that will result if no Protective Order is entered, are outlined below in paragraphs 2 (A)-(I).

## PROTECTIVE ORDER

1.     As used in the Protective Order, these terms have the following meanings: "Attorneys" means counsel of record;

"Confidential" documents are documents designated pursuant to paragraph 2;

"Confidential - Attorneys' Eyes Only" documents are the subset of Confidential documents designated pursuant to paragraph 5;

"Documents" are all materials within the scope of Fed. R. Civ. P. 34;

"Written Assurance" means an executed document in the form attached as Exhibit A.

**Error! Unknown document property name.**

2.     By identifying a document "Confidential", a party may designate any document, including interrogatory responses, other discovery responses, or transcripts, that it in good faith contends to constitute or contain trade secret or other confidential information.  The purpose of this Protective Order is to protect from public disclosure certain specific categories of materials that would either cause competitive injury if revealed or would needlessly subject non-parties to the annoyance, embarrassment, and undue burden of having certain private information made public.  A party may designate as Confidential the following categories of materials:

A.     "Trade Secret" means a document meeting the definition of a "trade secret" under California Civil Code, section 3426, including, information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

B.     "Marketing Strategy Documents" are non-public documents containing information regarding any party's strategy or plans to improve or increase market share, or that disclose a party's strategies and methods of selling or marketing its products or services. "Marketing Strategy Documents" could be

Error! Unknown document property name.

used by competitors to disrupt or preempt a party's efforts to improve or increase its position in the marketplace.

C.     "Non-Party Personnel Documents" are documents included in personnel files maintained in a party's regular course of business for any employee or former employee who is not named individually as a party to this action. These documents include information relating to one or more of the following types of private information: social security numbers, salaries and rates of pay, results of drug testing, arrest/criminal records, unlisted home addresses and telephone numbers, medical/mental health records, and tax information. Non-Party Personnel Documents could be used to annoy or embarrass non-parties or submit non-parties to the possibility of identity theft.

D.     "Research, Design, and Development Documents" means documents concerning research, design, and development, concepts, ideas, processes and products under development, non-published patent applications, prototypes, drawings, specifications, test data, and the documentation thereof.  "Research, Design, and Development Documents" could be used by a competitor in an attempt to replicate the designator's products which would be used to place the designator at a substantial competitive disadvantage.

E.     "Internal Documents Demonstrating Costs Associated with Production and Pricing Assumptions" means documents on which are recorded, or from

4

which may be derived, costs, including incremental costs, operating expenses, administrative expenses, and general expenses associated with the products or materials of a designator. These materials include the identity, activity and compensation schedules or compensation paid to distributors and others engaged in selling the parties' products. "Internal Documents Demonstrating Costs Associated with Production and Pricing Assumptions" could be used by competitors to determine the costs associated with the designator's production processes. That information or material, in the hands of a competitor, could be used to place a producing party at a substantial competitive disadvantage.

F.      "Customer Lists" means documents showing a listing of those persons who have: (1) purchased products or services from a party, or (2) been in contact with a party expressing an interest to purchase products or services from them. "Customer Lists" could be used by competitors to directly target sales activities detrimental to a Party, also placing them at a substantial competitive disadvantage.

G.      "Internal Financial Documents and/or Statements" means documents containing information expressed in dollar amounts regarding sales, income, profit, assets, liabilities, debt, equity, and business valuation, including, but not limited to, projections, targets, and estimates of sales, income, profit, balance sheets, and business valuation. "Internal Financial Documents and/or

**Error! Unknown document property name.**

Statements" could be used by competitors to determine the costs and profits associated with business, which use could also place a party in a substantial competitive disadvantage.  For example, a party could adjust their sales prices based upon "Internal Financial Documents and/or Statements" of the Designator.

H.     "Tax Returns" means all documents filed with state and federal taxing authorities related in any way to income or other tax paid or owing.  "Tax Returns" could be used by competitors to determine the costs and profits associated with business, which use could also place a party in a substantial competitive disadvantage.

I.     "Marketing Strategy Documents" means materials regarding a party's strategy to improve or increase market share or that disclose a party's strategies and methods of selling or marketing its products or services.   "Marketing Strategy Documents" could be used by competitors to disrupt or preempt a party's efforts to improve or increase its position in the marketplace.

3.     All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in

**Error! Unknown document property name.**

paragraph 4.  Prohibited purposes include, but are not limited to, use for competitive purposes or the prosecution of additional intellectual property rights.

4.      Access to any Confidential document shall be limited to:

(a)      the Court and its officers;

(b)      Attorneys and their office associates, legal assistants, and stenographic and clerical employees;

(c)      persons shown on the face of the document to have authored or received it;

(d)      court reporters retained to transcribe testimony;

(e)      these inside counsel:  Floyd Grabiel of TSI Incorporated;

(f)      these employees of the parties:  Troy Tillman, Richard Remiarz, and Tony Hase of TSI Incorporated;

(g)      Aleksandr L. Yufa;

(h)      outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this action.

5.      The parties shall have the right to further designate Confidential documents or portions of documents in the areas of product design and development, manufacturing,

7

**Error! Unknown document property name.**

and finances as "Confidential - Attorneys' Eyes Only".  Disclosure of such information shall be limited to the persons designated in paragraphs 4(a), (b), (c), (d), (e), (g), and (h).

6.      Third parties producing documents in the course of this action may also designate documents as "Confidential" or "Confidential - Attorneys' Eyes Only", subject to the same protections and constraints as the parties to the action.  A copy of the Protective Order shall be served along with any subpoena served in connection with this action.  All documents produced by such third parties shall be treated as "Confidential - Attorneys' Eyes Only" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" or "Confidential - Attorneys' Eyes Only" pursuant to the terms of the Protective Order.

7.      Each person appropriately designated pursuant to paragraph 4(h) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A.  Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated  documents are sought to be disclosed.  Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made.  If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall

**Error! Unknown document property name.**

be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

8.      All depositions or portions of depositions taken in this action that contain trade secret or other confidential information may be designated "Confidential" or "Confidential - Attorneys' Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Confidential - Attorneys' Eyes Only" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript.  Unless otherwise agreed, depositions shall be treated as "Confidential - Attorneys' Eyes Only" during the 14-day period following receipt of the transcript.  The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

9.      Any party who inadvertently fails to identify documents as "Confidential" or "Confidential - Attorneys' Eyes Only" shall have 14 days from the discovery of its oversight to correct its failure.  Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

**Error! Unknown document property name.**

10.     Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within 14 days of receiving such a written request.  The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

11.     If a party files a document containing Confidential information with the Court, it shall do so in compliance with the Local Rule 79-5.1 and the appropriate electronic case filing procedures for the Central District of California.  Prior to disclosure at trial or a hearing of materials or information designated  "Confidential" or "Confidential - Attorneys' Eyes Only", the parties may seek further protections against public disclosure from the Court.

12.     Any party may request a change in the designation of any information designated "Confidential" and/or "Confidential - Attorneys' Eyes Only".  Any such document shall be treated as designated until the change is completed.  If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" and/or "Confidential - Attorneys' Eyes Only" in the action may be affected.  The party asserting that the material is Confidential

**Error! Unknown document property name.**

shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

13.     Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential", and all copies of such documents, and shall destroy all extracts and/or data taken from such documents.  Each party shall provide a certification as to such return or destruction as within the 60-day period.  Attorneys shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence generated in connection with the action.

14.     Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15.     No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

16.     The obligations imposed by the Protective Order shall survive the termination of this action.  Within 60 days following the expiration of the last period for appeal from any order issued in connection with this action, the parties shall remove any materials designated "Confidential" from the office of the Clerk of Court.  Following that 60-day period, the Clerk of Court shall destroy all "Confidential" materials.

**Error! Unknown document property name.**

Date: May 14, 2013          By: _____

JAY C. GANDHI
United States Magistrate Judge

**Error! Unknown document property name.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

**WRITTEN ASSURANCE**

_____ declares that:

     I reside at _____in the city of

_____ ,

county _____ , state of _____ ;

     I am currently employed by _____ located at

_____and my current job title is _____.

     I have read and believe I understand the terms of the Protective Order dated

_____ , filed in Civil Action No. _____, pending in the United States District

Court for the Central District of California.  I agree to comply with and be bound

by the provisions of the Protective Order.  I understand that any violation of the

Protective Order may subject me to sanctions by the Court.

     I shall not divulge any documents, or copies of documents, designated

"Confidential" or "Confidential - Attorneys' Eyes Only" obtained pursuant to such

Protective Order, or the contents of such documents, to any person other than those

specifically authorized by the Protective Order.  I shall not copy or use such

documents except for the purposes of this action and pursuant to the terms of the

Protective Order.

     As soon as practical, but no later than 30 days after final termination of this

action, I shall return to the attorney from whom I have received them, any

**Error! Unknown document property name.**

documents in my possession designated "Confidential" or "Confidential -

Attorneys' Eyes Only", and all copies, excerpts, summaries, notes, digests,

abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the

Central District of California for the purpose of enforcing or otherwise providing

relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                        (Date)                                        (Signature)

2

**Error! Unknown document property name.**