UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SA CV 12-1614 FMO (JCGx) | Date | August 12, 2015 |
|---|---|---|---|
| Title | Aleksandr L. Yufa v. TSI Incorporated, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None | | None |

**Proceedings:** (In Chambers) Order Re: Motion for Attorney's Fees

Having reviewed and considered all the briefing filed with respect to TSI Incorporated's ("defendant" or "TSI") Motion for Attorney's Fees ("Motion"), the court concludes that oral argument is not necessary to resolve the Motion. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

**BACKGROUND**

On September 25, 2012, Aleksandr L. Yufa ("Yufa" or "plaintiff") filed a complaint against TSI and Doe defendants, asserting causes of action for patent infringement and emotional distress. (See Complaint for Patent Infringement and Demand for Jury Trial ("Complaint") at ¶¶ 5 & 8-112). Plaintiff alleges that TSI infringed U.S. Patent No. 5,767,967 (the "'967 patent"), No. 7,439,855 (the "'855 patent"); No. 5,946,091 (the "'091 patent"); and No. 6,034,769 (the "'769 patent"). (See id. at ¶¶ 8-43).

The patents-in-suit are generally directed to "methods and structures of measuring and counting particles (e.g., airborne particles, aerosol, liquid contamination, particle concentration, etc." (Aleksandr L. Yufa's Memorandum of Points and Authorities in Opposition to TSI Incorporated's Motion for Summary Judgment ("Opp. to MSJ") at 1). TSI manufactures and sells, among other products, optical particle counters, which are used to determine air quality by measuring the size of particles. (See Motion for Summary Judgment ("MSJ") at 3). Particle counters are used in clean-room monitoring and air pollution research. (See id. at 4).

On November 15, 2012, TSI filed its answer and counterclaims, denying the allegations and seeking declarations of non-infringement and invalidity. (See Answer to Plaintiff's Complaint and Counterclaim by TSI Incorporated ("Answer" and "Counterclaims," respectively); Answer at ¶¶ 8-112; Counterclaims at ¶¶ 4-35). On November 21, 2012, plaintiff filed an answer to defendant's counterclaims. (See Aleksandr L. Yufa's Answer to TSI Incorporated's Counterclaim). In late 2013, the parties filed their claim construction briefs. (See, e.g., Aleksandr L. Yufa's Opening Claim Construction Brief).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 12-1614 FMO (JCGx) | Date | August 12, 2015 |
|---|---|---|---|
| Title | Aleksandr L. Yufa v. TSI Incorporated, et al. | | |

On December 31, 2013, TSI filed a motion for summary judgment, asserting that it does not infringe the patents-in-suit. TSI moved for summary judgment on several grounds, including the following: (1) the accused products do not infringe the '967 patent, because they do not include different-sized ellipsoidal mirrors; (2) the accused products do not infringe the '855 patent, because they do not "wirelessly transmit[]" "control signals"; (3) the accused products do not infringe the '769 patent on multiple grounds, including that TSI's accused optical devices convert signals using a "reference voltage"; and (4) the accused products do not infringe the '091 patent, because they do not use different-sized capillary tubes to filter predetermined size particles. (See MSJ at 13-14 & 21-26). In support of its MSJ, defendant provided, among other things, the declaration of an electrical engineering manager at TSI, Ricky Holm (see Declaration of Ricky Holm in Support of Defendant's Motion for Summary Judgment ("Holm Decl.")). On September 22, 2014, the court issued an order construing disputed claim language and granting defendant's motion for summary judgment of non-infringement for each of the patents-in-suit.

## LEGAL STANDARD

Before 1946, the Patent Act did not authorize attorney's fees awards to the prevailing party. See Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S.Ct. 1749, 1753 (2014). Rather, the Patent Act followed the "American Rule," where each party must bear its own attorney's fees and costs. See id. Today, pursuant to 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." In 2014, the Supreme Court rejected the Federal Circuit's legal test for determining whether a case is exceptional under 35 U.S.C. § 285. See Octane Fitness, 134 S.Ct. at 1756. Under the previous standard, a case was deemed "exceptional" if the district court found either litigation-related misconduct of an independently sanctionable magnitude – such as Rule 11 violations – or determined that the litigation was "brought in subjective bad faith" and "objectively baseless." Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc., 393 F.3d 1378, 1381 (Fed. Cir. 2005).

In Octane Fitness, the Supreme Court rejected such a formal approach and held that an exceptional case under 35 U.S.C. § 285 is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." 134 S.Ct. at 1756. In so doing, the Supreme Court instructed district courts to "determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." Id. Accordingly, "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." Id. at 1757.

In addition, the Supreme Court rejected the Federal Circuit's requirement that a party show subjective bad faith and objective baselessness by clear and convincing evidence. Octane Fitness, 134 S.Ct. at 1757-58. Rather, entitlement to fees under § 285 need only be shown by a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 12-1614 FMO (JCGx) | Date | **August 12, 2015** |
|---|---|---|---|
| Title | **Aleksandr L. Yufa v. TSI Incorporated, et al.** | | |

preponderance of the evidence.[1] Id. Attorney's fees under § 285 includes "those sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit." Central Soya Co., Inc. v. Geo. A. Hormel & Co., 723 F.2d 1573, 1578 (Fed. Cir. 1983).

**DISCUSSION**

TSI seeks to recover the attorney's fees and costs it incurred in defending this action pursuant to 35 U.S.C. § 285. In order to recover, TSI must be the prevailing party. On September 22, 2014, the court issued an order granting TSI's motion for summary judgment of non-infringement of the patents-in-suit. (See Court's Order of September 22, 2014). Thus, TSI is the prevailing party.

I.  WHETHER THIS CASE IS EXCEPTIONAL UNDER OCTANE FITNESS.

Under Octane Fitness, a case alleging "exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." 134 S.Ct. at 1757. Bad faith is no longer required. Id. The court considers the totality of the circumstances and exercises its equitable discretion. See id. at 1756 n. 6 (analogizing to the Copyright Act context where the Supreme Court has instructed district courts applying a similar fee-shifting provision to consider a "'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'").

One factor is the adequacy of plaintiff's pre-filing investigation. See Yufa v. TSI Inc., 2014 WL 4071902, *3 (N.D. Cal. 2014). TSI contends that plaintiff's investigation was inadequate, because he did not purchase or test any of the accused products before filing his complaint. (See Motion at 5). The Federal Circuit has stated that an adequate pre-filing investigation into infringement requires a party to "interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement." Q-Pharma, Inc. v. Andrew Jergens Co., 360 F.3d 1295, 1300-01 (Fed. Cir. 2004).

Here, plaintiff filed this lawsuit without purchasing or testing any of TSI's accused products to determine if they infringed the four subject patents. (See Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Attorneys' Fees and Non-taxable Costs ("Opp.") at 4). Although plaintiff asserts that he conducted a thorough pre-suit investigation that included correspondence and calls with TSI, and analysis of public materials, (see id.), the record is clear that plaintiff did not conduct an adequate pre-suit investigation, and weighs in favor of finding that this case is exceptional.

---

[1] In a companion case to Octane Fitness, the Supreme Court clarified that on appellate review of exceptional case determinations, the Federal Circuit should apply the abuse of discretion standard. Highmark Inc. v. Allcare Health Mgmt. Sys., Inc., 134 S.Ct. 1744, 1748 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 12-1614 FMO (JCGx) | Date | **August 12, 2015** |
|---|---|---|---|
| Title | **Aleksandr L. Yufa v. TSI Incorporated, et al.** | | |

    Another consideration is whether plaintiff should have known that his case was meritless. See Yufa, 2014 WL 4071902, at *3. TSI argues that after plaintiff visited TSI's facilities in July 2013 and received technical documents, such as schematics, "any reasonable litigant" would have concluded that the "infringement allegations against TSI were objectively baseless." (Motion at 5). Moreover, on September 6, 2013, the Northern District of California conducted a technology tutorial in a related case between TSI and Yufa, Case No. CV 09-1315 KAW, in which TSI electrical engineer Ricky Holm explained how TSI's accused optical products use a reference voltage to measure particles, precluding infringement of the '769 patent. (See id. at 8 & 14). In the Northern District of California litigation, the court granted in part TSI's motion for attorney's fees as of September 6, 2013. See Yufa, 2014 WL 4071902, at *8. The court found that as of the technology tutorial, "even a pro se litigant with Dr. Yufa's knowledge and experience should have known that he had no admissible evidence to support his claims of infringement[.]" Id. at *5. TSI requests that the court "apply the same reasoning" in this case. (See Motion at 10).

    With this background in mind, the court addresses whether plaintiff's infringement case was "exceptionally meritless" under Octane Fitness. See Octane Fitness, 134 S.Ct. at 1757. As for the '769 patent, TSI argues that plaintiff should have known that his infringement allegation was without merit, based on discovery and the information learned in the technology tutorial on September 6, 2013. (See Motion at 8 & 14). During the tutorial, TSI electrical engineer Ricky Holm explained that TSI's accused optical products use a reference voltage in order to detect and measure particles. (See id. at 8). Thus, Yufa should have known that TSI does not infringe the '769 patent as of September 6, 2013. However, instead of dismissing the claims for the '769 patent after reviewing TSI's discovery and appearing at the patent tutorial, plaintiff continued to prosecute his claims, relying on conclusory allegations of infringement. The court is persuaded by TSI's argument that plaintiff's infringement allegations were "exceptionally meritless" as of September 6, 2013.

    With respect to the '967 patent, TSI argues that plaintiff's infringement theory was also based on "conclusory assertions." (See Motion at 13). In particular, the '967 patent requires "two ellipsoidal mirrors of different sizes[,]" and "TSI orders the same part number for the two mirrors used" in the accused product. (See id.). While the court is persuaded that plaintiff's infringement theory was weak, it is unclear when it should have been apparent to plaintiff that the infringement allegations were without merit. For instance, TSI does not suggest that its engineer, Ricky Holm, discussed this non-infringement issue during the September 6, 2013, technology tutorial. Accordingly, the court is not inclined to award additional attorney's fees for the '967 patent.

    As for the '855 patent, TSI asserts that no reasonable litigant would have concluded that TSI infringes, because it does not perform the "wireless transmission" of control signals. (See Motion at 14). However, TSI admits that the accused Facilities Monitoring System performs wireless "monitoring[.]" (See id.). Moreover, like the '967 patent, it is unclear when plaintiff should have known that the infringement allegations were without merit. Based on the current record, the court is not persuaded that plaintiff's infringement theory was exceptionally meritless for the '855 patent. Rather, the deficiencies in plaintiff's theory resemble those of a typical, "mine-run" case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 12-1614 FMO (JCGx) | Date | August 12, 2015 |
|---|---|---|---|
| Title | Aleksandr L. Yufa v. TSI Incorporated, et al. | | |

See Octane Fitness, 134 S.Ct. at 1757.

Last, as for the '091 patent, TSI contends that plaintiff's allegations regarding the "plurality of capillary particle flow means" were based on "conclusory statements." (See Motion at 14). However, like the '967 and '855 patents, it is unclear when plaintiff should have known that the infringement allegations were without merit. In addition, the court notes that claim construction was warranted for the '091 patent, (see Court's Order of September 22, 2014), suggesting that plaintiff's infringement theory was not exceptionally meritless. Accordingly, the court declines to award attorney's fees for the '091 patent.

Defendant further argues that this is an exceptional case, based on plaintiff's "gamesmanship" in discovery. (See Motion at 6-8 & 15-16). For instance, plaintiff asserted improper objections such as "strict family private information," which the court overruled. (See id. at 6). In response to defendant's arguments, plaintiff argues that he is pro se and should be relieved of any liability, because he does not possess the legal education or training required to be an experienced litigant. (See Opp. at 12). However, Yufa is not a typical pro se litigant, because he is a former U.S. Patent and Trademark Office patent examiner with a Ph.D. in electrical engineering. (See Motion at 6). Moreover, as the Northern District of California noted, plaintiff is an "experienced pro se litigant" who has filed multiple patent lawsuits. See Yufa, 2014 WL 4071902, at *4. Based on plaintiff's technical knowledge and litigation experience, "it would be improper to entirely relieve him from paying TSI's attorneys' fees, which would only encourage additional litigation." Id. However, the court has discretion to consider plaintiff's status as a pro se litigant, and is not inclined to award further attorney's fees or costs, based on his conduct during discovery.

In short, based on the totality of circumstances, the court finds that this is an exceptional case within the meaning of Octane Fitness. Plaintiff's continued prosecution of the '769 patent after September 6, 2013, was unreasonable, as he should have known that his infringement case was meritless. However, the record does not provide adequate support for additional attorney's fees for the three other asserted patents. Finally, as for plaintiff's misconduct in litigation, the court is not persuaded that an additional award of attorney's fees is necessary, based on the attorney's fees award already provided.

II.    ATTORNEY'S FEES AND COSTS.

TSI seeks $162,328.11 in attorney's fees and costs incurred since September 6, 2013. (See Motion at 17; Declaration of Courtland Merrill in Support of Defendant's Motion for Attorney's Fees and Non-taxable Costs ("Merrill Decl."), Exh. A). As discussed, the court agrees that plaintiff should have known that his infringement case for the '769 patent was meritless after September 6, 2013.

When calculating reasonable attorney's fees, the court must consider both the reasonableness of the hourly billing rate and the number of hours required. See Lafarge Conseils

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 12-1614 FMO (JCGx) | Date | **August 12, 2015** |
|---|---|---|---|
| Title | **Aleksandr L. Yufa v. TSI Incorporated, et al.** | | |

et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1341-42 (9th Cir. 1986) (citations omitted). The court may perform across-the-board percentage reductions in appropriate circumstances. See Lumen View Tech., LLC v. Findthebest.com, Inc., 63 F.Supp.3d 321, 324 (S.D.N.Y. 2014) ("across-the-board percentage cut in hours can be employed when a fee reduction is appropriate").

    A.    Reasonableness of Hourly Billing Rates.

To determine the appropriate lodestar amount, the court assesses the reasonableness of the hourly billing rate. See Credit Managers Ass'n of S. Cal. v. Kennesaw Life and Accident. Ins. Co., 25 F.3d 743, 750 (9th Cir. 1994). In doing so, the court must look to the prevailing market rates in the relevant community for similar work by attorneys of comparable skill, experience, and reputation. See Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979-80 (9th Cir. 2008). Generally, the relevant community is the forum where the district court sits. Id. at 979.

The court recognizes that the field of intellectual property law requires specialized knowledge. According to the American Intellectual Property Law Association, the average billing rate for IP attorneys (partners) in the Los Angeles area was $557 per hour with a median rate of $575.00 per hour. (AIPLA Report of the Economic Survey 2013, Merrill Decl., Exh. O).

    1.    **Lindquist & Vennum LLP**.

Here, TSI's requested hourly rates for the relevant Lindquist & Vennum attorneys range from $315.00 to $500.00 per hour. (See Merrill Decl., Exh. B). Bruce H. Little is a partner with the law firm and his practice focuses on intellectual property litigation. (See Merrill Decl., Exh. C). Mr. Little has 30 years of experience as an attorney, and he has served as lead counsel in intellectual property cases. (See id.). Mr. Little's time was billed at $485.00 per hour in 2013 and $500.00 per hour in 2014. (See Merrill Decl., Exh. B).

Christopher R. Sullivan is also a partner with the law firm. (See Merrill Decl., Exh D). Mr. Sullivan has ten years of experience as an attorney, a background in computer science, and has published several articles on intellectual property issues. (See id.). Mr. Sullivan's time was billed at $315.00 per hour in 2013, and at $335.00 per hour in 2014. (See Merrill Decl., Exh. B).

These hourly rates are within a reasonable range.

    2.    **Anthony Ostlund Baer & Louwagie P.A.**

In July 2013, TSI consolidated a number of outside litigation matters, including this case, with the Minneapolis law firm of Anthony Ostlund Baer & Louwagie P.A. ("Anthony Ostlund"). See Merrill Decl. at ¶ 10). The firm represents the defendant in this case and in the Northern District of California case. (See id. at ¶ 13). Defendant seeks $41,888.15 in attorney's fees for Anthony Ostlund's services billed directly for this case, and due to the substantive overlap between the two

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 12-1614 FMO (JCGx) | Date | August 12, 2015 |
|---|---|---|---|
| Title | Aleksandr L. Yufa v. TSI Incorporated, et al. | | |

cases, it seeks half of the attorney's fees incurred in relation to both cases, which is $23,024.75 (50 percent of $46,049.50). (See Merrill Decl. at ¶¶ 14–15, Exhs. F & G). TSI does not seek fees from July through September 2013, when the new firm was getting up to speed in the case. (See Merrill Decl. at ¶ 11.

TSI is seeking recovery for the work performed by Courtland Merrill, Dan Hall, and Anthony Ostlund's paralegals and case assistants. (See Merrill Decl. at ¶ 11). Courtland Merrill, a shareholder with the law firm with over 13 years of experience as an attorney, has a practice that focuses on business litigation and intellectual property. (See Merrill Decl., Exh J). Mr. Merrill's time was billed at $295.00 per hour in 2013 and $395.00 per hour in 2014. (See Merrill Decl., Exhs. G & H). Daniel Hall is an associate with the law firm. (See Merrill Decl., Exh. K). Mr. Hall joined the firm in 2011, and has over three years of experience as an attorney practicing patent litigation. (See id.). Mr. Hall's time was billed at $205.00 per hour in 2013 and $230.00 per hour in 2014. (See Merrill Decl., Exhs. G & H).

Jolana Berchin is a paralegal with the law firm. (See Merrill Decl. at ¶ 12). Ms. Berchin's time was billed at $150.00 per hour. (See id.). TSI, however, does not provide information regarding Ms. Berchin's background or experience in order to support the hourly rate. Thus, the court reduces Ms. Berchin's hourly rate to $75.00 per hour.

With the exception of Ms. Berchin's rate, the hourly rates are within a reasonable range.

      3.    **McBreen & Senior**.

David Senior and Ann Tria of McBreen & Senior served as local counsel in this matter. (See Merrill Decl. at ¶ 21). Mr. Senior has 30 years of experience as an attorney, and Ms. Tria has been practicing in the Central District of California since 2008. (See id.). TSI states that Mr. Senior billed at a rate of $330.00 per hour, and that Ms. Tria billed at a rate of $265.00 per hour. Based on their experience, the hourly rates are in a reasonable range.

      B.    Number of Hours Billed.

To determine the appropriate lodestar amount, the court also assesses "number of hours reasonably expended on the litigation[.]" Credit Managers Ass'n of S. Calif. v. Kennesaw Life & Accident Ins. Co., 25 F.3d at 750. As an initial matter, plaintiff provides only general objections to the attorney's fees as excessive. (See Opp. at 21-24). However, it is well settled that a fee opponent must provide specific objections to a request for attorney's fees or else be deemed to have waived such objections. See Gates v. Rowland, 39 F.3d 1439, 1449 (9th Cir. 1994) (fee opponents failed to meet burden of rebuttal, because opponents failed to point out with specificity any charges that were excessive or duplicative); Columbia Pictures Tel. v. Krypton Broad. of Birmingham, Inc., 106 F.3d 284, 296-97 (9th Cir. 1997), rev'd on other grounds, 523 U.S. 340 (1998) (rejecting argument that certain hours should have been excluded, because no specific objection was raised in district court); see also Smith v. Rogers Galvanizing Co., 148 F.3d 1196,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 12-1614 FMO (JCGx) | Date | August 12, 2015 |
|---|---|---|---|
| Title | Aleksandr L. Yufa v. TSI Incorporated, et al. | | |

1199 (10th Cir. 1998) (district court did not abuse discretion in refusing to reduce hours as to which fee opponent made no specific objection); Sheets v. Salt Lake Cnty., 45 F.3d 1383, 1391 (10th Cir.), cert. denied, 516 U.S. 817 (1995) (fee opponent who argued merely that fee request was exorbitant and duplicative failed to carry burden of opposing fee, and waived issue for purposes of appeal).

Here, plaintiff only specifically objects to the presence of two attorneys at his deposition, when he believes that only a single attorney was necessary. (See Opp. at 22). Having two attorneys present at a deposition is not necessarily duplicative, especially in complex cases. Moreover, the court has declined to award costs for work performed by Lindquist & Vennum based on TSI's failure to provide sufficient invoicing for the costs incurred (see infra), which partly addresses plaintiff's concern regarding duplicative expenses. TSI, however, is entitled to recover the reasonable attorney's fees incurred in taking plaintiff's deposition.

Finally, as noted earlier, a court may perform across-the-board percentage reductions in appropriate circumstances. See Lumen View Tech., 63 F.Supp.3d at 324. Here, such a reduction is warranted because the court's "exceptional" finding is based on the frivolousness of plaintiff's infringement theory for the '769 patent, which is only one of the four patents-in-suit. Moreover, only a few of defendant's billing entries describe the work performed on a per-patent basis. (See, generally, Merrill Decl., Exhs.). Thus, the court generally provides 25 percent of attorney's fees, subject to exclusions, starting on September 7, 2013.

  1. **Lindquist & Vennum LLP**.

As provided above, TSI may recover attorney's fees as of September 7, 2013. TSI seeks $68,987.75 in Lindquist & Vennum's attorney's fees. (See Merrill Decl. at ¶ 21, Exh. A). The court will disallow several billing entries, because (1) several were based on working with the Anthony Ostlund firm, to help co-counsel get up to speed on the case, (2) one entry related to the "mirror size" limitation for the '855 patent, and (3) several entries were redacted, so it was unclear whether the work was sufficiently related.

Attorneys Little and Sullivan collectively billed 136.80 hours for the permitted billing entries. Mr. Little worked 110.70 hours, and TSI was billed $54,027.75 for his work during the relevant time period. (See Merrill Decl., Exh. B). Mr. Sullivan worked 26.10 hours, and TSI was billed $8,361.50 during the relevant time period. Thus, the relevant entries total $62,389.25.

Because the billing records do not delineate the work provided for each of the four asserted patents, (see Merrill Decl., Exh. B), and the court's award is based on one of the asserted patents, the court will pro-rate the attorney's fees amount, and award 25 percent of the $62,389.25. Thus, the court will award **$15,597.31** in reasonable attorney's fees for the work performed by Lindquist & Vennum.

  2. **Anthony Ostlund Baer & Louwagie P.A.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 12-1614 FMO (JCGx) | Date | August 12, 2015 |
|---|---|---|---|
| Title | Aleksandr L. Yufa v. TSI Incorporated, et al. | | |

Anthony Ostlund represents TSI in this case and in the Northern District of California case. Defendant is seeking to recover $41,888.15 for the work directly related to this case, and half of the attorney's fees incurred in relation to both cases, which is $23,024.75 ($46,049.50 x 50 percent). (Merrill Decl. at ¶¶ 14-15, Exhs. F & G). For the former category, the court will disallow one billing entry for $328.00 that relates to the '855 patent, and reduce several entries by Ms. Berchin to $75.00 per hour, (see Merrill Decl., Exh. F), reducing the amount to $41,327.65. For the work shared between the Northern District and Central District cases, the court will disallow one entry for $369.00 that relates to the '855 patent, and reduce several entries by Ms. Berchin to $75.00 per hour, (see Merrill Decl., Exh. G), reducing the amount to $22,401.50 ($44,803.00 x 50 percent).

As discussed, the billing records generally do not separate the work on a per-patent basis. (See Merrill Decl. at ¶ 14; Exh. F). Accordingly, the court will award 25 percent of the requested amount. Thus, TSI is entitled to **$10,331.91** for work performed exclusively on this case, and **$5,600.38** for the shared work. (See id.).

      3.    **McBreen & Senior**.

David Senior and Ann K. Tria represent TSI as its local counsel. TSI is seeking $22,171.01 in their attorney's fees. (See Merrill Decl. at ¶ 22, Exh. L). The court has reviewed the billing records, and the hours billed look acceptable. Like the other firms' records, these billing records do not separate the work on a per-patent basis. (See id.). Accordingly, the court will award 25 percent of the requested amount. Thus, TSI is entitled to **$5,542.75** in reasonable attorney's fees. (See id.).

Based on the foregoing, the court awards **$37,072.35** in reasonable attorney's fees.

      C.    Amount of the Non–Taxable Costs.

TSI also seeks to recover the non-taxable costs incurred in connection with this lawsuit. As an initial matter, plaintiff generally objects to the amount of non-taxable costs, claiming that they are excessive. (See Opp. at 21-24). TSI seeks $1,032.22 in non-taxable costs incurred by Lindquist & Vennum. (See Merrill Decl. at ¶ 9, Exh. E). TSI's accounting, however, is vague in its descriptions, fails to specify when the costs were incurred, and appears to group related expenses. (See id.). Thus, the Lindquist & Vennum table of costs is insufficient to support an award of non-taxable costs.

As for the Anthony Ostlund law firm, TSI seeks $4,256.81, which represents half of the non-taxable costs incurred in relation to the Northern and Central District of California lawsuits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 12-1614 FMO (JCGx) | Date | August 12, 2015 |
|---|---|---|---|
| Title | Aleksandr L. Yufa v. TSI Incorporated, et al. | | |

(See Merrill Decl. at ¶ 18, Exh. I).[2]  Like the attorney's fees, the court will pro rate the costs on a per-patent basis.  Accordingly, the court will award 25 percent of the costs, so the total attributable costs are **$1,064.20**, which are reasonable.

Last, as for local counsel, McBreen & Senior, TSI seeks $968.05 in costs.  (See Merrill Decl., Exhs. A & L).  Like the other firms' records, these costs are not allocated on a per patent basis.  Accordingly, the court will also award 25 percent of the costs and will award **$242.01**, which is reasonable.

Based on the foregoing, the court awards **$1,306.21** in costs.

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1.  Defendant's Motion for Attorney's Fees **(Document No. 123)** is **granted in part** and **denied in part.**  Plaintiff shall pay defendant attorney's fees in the amount of **$37,072.35** and non-taxable costs in the amount of **$1,306.21**.  Judgment shall be entered accordingly.

2.  Plaintiff's Ex Parte Application to Expedite Decision **(Document No. 134)** is **denied as moot**.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |

---

[2]   A minor discrepancy exists between the figure in ¶ 18 of the Merrill Decl. ($4,256.18) and the figure in the table attached as Exh. I to the Merrill Decl. ($4,256.81).  The court applies the latter.